**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1510
_____

SUI JING ZHANG;
CHIT FAI WONG,
Petitioners
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A098 975 854 and A094 813 828)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 15, 2012
Before:  RENDELL, VANASKIE and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 24, 2012)
_____

OPINION
_____

PER CURIAM

Sui Jing Zhang and Chit Fai Wong, wife and husband, are both natives and

citizens of China.  The couple petitions for review of an order of the Board of

Immigration Appeals ("BIA" or "Board") that dismissed their appeal from an

1

Immigration Judge's ("IJ") final removal order, and that denied their motion for a remand. We will deny the petition for review.

Zhang, the lead petitioner, sought asylum and related relief from removal based on her allegation that she would be persecuted in China because she had violated the country's population policy by having two children in the United States.[1] Zhang feared that she would be forcibly sterilized if she were to be removed to China. In support of her claim, Zhang provided, among other things, a document from the village committee of her home village (Guacai Village), stating that if she were to return to her hometown, she would be required to "positively undergo sterilization" under the local law, and be required to pay a "certain amount of social raising fee for her children's household registration." A.R. 749. Zhang also testified that if she and her family would return to China, they would reside in her husband's village, Yang Fu San, which is "very close" to Guacai Village. A.R. 374.

The IJ held that Zhang was required by Board precedent to produce evidence of the local enforcement of the birth control policy; i.e., evidence regarding how the policy is enforced in her husband's village, where they would be residing. The IJ determined that a continuance to allow Zhang to obtain such evidence was not necessary, as the case had been pending for many years, and there was no evidence that Zhang had somehow been precluded from obtaining that evidence previously. Because Zhang had not met her

---

[1] Wong would be a derivative beneficiary if his wife were granted asylum.

burden of producing corroborating evidence, the IJ denied relief.

In their brief to the BIA, the couple argued that the IJ erred in requiring corroboration from Wong's village regarding enforcement policies. They argued that the record established that policy is set on the provincial level, and that, in the alternative, Zhang's village would still have the authority to sterilize Zhang, even if she were living in Wong's village.[2] They also argued that requiring a letter from Wong's village was unreasonable, as it was too limited in geographic scope, and, even if it were reasonable, the IJ erred in failing to grant a continuance so that Zhang could obtain such a document. A.R. 119-27. Zhang also submitted an "updated" asylum application and statement, with numerous articles, pictures, and a letter describing her recent conversion to Christianity and baptism. A.R. 7-95. The statement says that Zhang "was baptism [sic] on October 24, 2011," that she will "go to underground churches" if she returns to China, and that "I will be arrested or persecuted for my activity of attending an underground church." A.R. 77.

The BIA noted that the main issue on appeal was whether the IJ complied with the corroboration requirements we set forth in Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001), and other cases, namely: "(1) an identification of the facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an

_____

[2] Petitioners do not pursue the latter claim in their brief in this Court; thus, we will not discuss it further.

3

analysis of whether the applicant has adequately explained his or her failure to do so." Id. (internal quotation and citation omitted). The BIA determined that the IJ properly followed these requirements, and further agreed with the IJ that Zhang had not shown good cause for a continuance. The BIA held that the IJ had thus properly denied asylum.[3] The BIA construed Zhang's submission of new evidence as a motion for remand, and denied the motion. The Board noted that Zhang had "not established, much less alleged that the Chinese government is or would become aware of her Christian practice in the United States," and noted that "the proffered evidence relate [sic] to various populations in China and is distinguishable from [Zhang's] circumstances, as an individual who converted to Christianity in the United States." A.R. 5. The BIA determined that Zhang had failed to establish prima facie eligibility for asylum relief based on her Christianity. The couple filed a timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252. To establish eligibility for asylum, Zhang needed to demonstrate either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Wang v. Gonzales, 405 F.3d 134, 139 (3d Cir. 2005) (person who has well-founded fear that she will be subjected to involuntary sterilization is deemed to have well-founded fear of persecution on account of political opinion).

---

[3] The BIA stated that Zhang did not "meaningfully challenge the [IJ's] denial of her application for asylum, based on leaving the country without permission, withholding of removal, and protection under the Convention Against Torture ('CAT')." A.R. 3. The BIA considered those issues waived. Zhang has not contested that conclusion. We thus will not consider those forms of relief.

"Whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual determination reviewed under the substantial evidence standard." Voci v. Gonzales, 409 F.3d 607, 613 (3d Cir. 2005). We may not reverse the BIA's decision unless the record evidence would compel a reasonable fact-finder to conclude that Zhang had met her burden. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). An IJ can require corroboration of a claim, even from a credible applicant. Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004).

We agree with the IJ and the BIA that it was reasonable to expect Zhang to produce corroboration of her claim that she would be sterilized if she were to return to her husband's village. Indeed, Zhang seems to concede as much, but she argues that evidence that she would be sterilized if she returned to *her* home village is sufficient to show that she would likewise be sterilized if she returned to *her husband's* village. We agree with Zhang that there is some evidence in the record that population control policy is set at the provincial level. The record contains the population regulations for Zhejiang Province, the province that contains both of the villages in question. A.R. 763-72. The regulations provide that "oversea [sic] Chinese [who] have moved back to live in China," in certain circumstances not applicable to Zhang and Wong, can apply to have one more child. A.R. 765. But the regulations do not state that a couple returning from overseas with two children must be sterilized and fined. The regulations also state that "[t]he village office and street offices are responsible for carrying out the daily work of planning birth." A.R. 763. One could infer that Zhang's village has more stringent

5

enforcement policies than the province requires. Thus, the record evidence does not compel us to conclude that Zhang has met her burden of showing that she has a well-founded fear of persecution in her husband's village.

We further agree that the IJ did not abuse her discretion in failing to grant a continuance. Zhang was on notice that it was her burden to show that she had a well-founded fear of future persecution if she were to return to China. Presumably, she also knew that she would be returning to her husband's village rather than her own village. She did not (and has not) alleged that she would be unable to obtain information from her husband's village regarding its enforcement of the population policy. See BIA decision, A.R. 4-5 ("We note that nearly 2 years has elapsed since the [IJ] rendered her decision on February 19, 2010, and [Zhang] has not presented any evidence regarding the [coercive population control] policies in the husband's village; nor has she offered any explanation as to why she has not obtained or been unable to obtain [sic] the policies.").

Finally, we agree with the Board that Zhang failed to establish a prima facie case that she would be eligible for asylum based on her conversion to Christianity.[4] Zhang did not assert that the Chinese government is aware, or would become aware of her Christianity. Although she stated that she would attend an "underground church," it is

---

[4] "The BIA treats a motion to remand for the purpose of submitting additional evidence in the same manner as motions to reopen the record." Huang v. Att'y Gen., 620 F.3d 372, 389 (3d Cir. 2010) (citing 8 C.F.R. § 1003.2(c)(4)). "[W]hen the Board or an Immigration Judge denies reopening [or remand] on prima facie case grounds, the ultimate decision should be reviewed for an abuse of discretion, while findings of fact should be reviewed for substantial evidence." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). The Board abuses its discretion only where the ultimate decision denying reopening was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

6

not clear which church she would attend in China. While Zhang submitted evidence reporting problems experienced by Christians in China, she did not explain how the evidence she submitted related to her or to how she would practice her religion in China. Accordingly, the Board did not abuse its discretion in denying her implicit motion for remand.

For the foregoing reasons, we will deny the petition for review.